```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
JERRY TWINDE, On Behalf of Himself   :
and All Others Similarly Situated,   :
                                     :        07 Civ. 6227 (JSR)
            Plaintiff,               :
                                     :
            -v-                      :
                                     :   ┌─────────────────────────┐
THRESHOLD PHARMACEUTICALS, INC.,     :   │ USDC SDNY               │
HAROLD "BARRY" E. SELICK and JANET   :   │ DOCUMENT                │
I. SWEARSON,                         :   │ ELECTRONICALLY FILED    │
                                     :   │ DOC #:                  │
            Defendants.              :   │ DATE FILED:  9-17-07    │
----------------------------------- :   └─────────────────────────┘
RAYNOLD L. GILBERT, Individually and :
On Behalf of All Others Similarly    :
Situated,                            :
                                     :        07 Civ. 6490 (JSR)
            Plaintiff,               :
                                     :        MEMORANDUM ORDER
            -v-                      :
                                     :
THRESHOLD PHARMACEUTICALS, INC.,     :
HAROLD "BARRY" E. SELICK and JANET   :
I. SWEARSON,                         :
                                     :
            Defendants.              :
----------------------------------- x
JED S. RAKOFF, U.S.D.J.
```

        Defendants move to transfer these consolidated putative class

actions to the Northern District of California pursuant to 28 U.S.C.

§ 1404(a) for the convenience of the parties and witnesses and in the

interest of justice.  For the reasons set forth below, the Court

grants the motion to transfer.

        Defendant Threshold Pharmaceuticals, Inc. ("Threshold") is a

biotechnology company located in Redwood City, California, outside of

San Francisco.  Declaration of Cathleen P. Davis in Support of

Defendant's Motion to Transfer Venue ("Davis Declaration") ¶ 2.

Defendant Harold "Barry" E. Selick is the Chief Executive Office of

Threshold. Twinde Complaint ¶ 16. Defendant Janet I. Swearson
served as the Chief Financial Officer of Threshold until her
resignation in August 2006. Id. ¶ 17. The plaintiffs allege that
the defendants engaged in securities fraud in 2005 and 2006 by making
false and misleading statements concerning TH-070, a drug to treat
benign prostatic hyperplasia that Threshold was at that time
developing but that turned out to be ineffective. Id. ¶¶ 1, 22,
29-40, 46.

In deciding a motion to transfer, courts commonly consider
factors such as: (1) the plaintiff's choice of forum, (2) the
convenience of witnesses, (3) the location of relevant documents and
relative ease of access to sources of proof, (4) the convenience of
parties, (5) the locus of operative facts, (6) the availability of
process to compel the attendance of unwilling witnesses, (7) the
relative means of the parties, (8) the forum's familiarity with the
governing law, and (9) trial efficiency and the interests of justice,
based on the totality of the circumstances. See, e.g., Albert Fadem
Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).
"District courts have broad discretion in making determinations of
convenience . . . and notions of convenience and fairness are
considered on a case-by-case basis." D.H. Blair & Co., Inc. v.
Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

While plaintiffs' choice of forum is normally given
considerable weight, here the choice of the Southern District of New
York is so patently artificial as to deserve less consideration. As

2

plaintiffs' counsel, after dodging the issue in the motion papers, finally conceded at oral argument, see transcript, 9/10/07, none of the plaintiffs resides in New York, while all of the defendants reside in California.  Id.  Although plaintiffs note that some of the clinical trials of TH-070, as well as certain of the underwritings of Threshold stock and presentations to investors, occurred in New York, see Twinde Complaint ¶ 13, nevertheless, more underwritings, presentations, and clinical trials took place in other states, see transcript, 9/10/07, and all of this was overseen from Threshold's office in California. Davis Declaration ¶¶ 2, 4, 16.  Indeed, plaintiffs' counsel was unable to articulate any specific reason why the case should be litigated in this District, except that it was filed here.  Id.

By contrast, the connections to the Northern District of California are substantial.  Threshold is located in that District, and most of the allegedly false and misleading statements of which plaintiffs complain were allegedly concocted at Threshold's office in that District.  Davis Declaration ¶¶ 7-14.  As noted, the clinical trials of TH-070 that are central to the Complaint were likewise overseen from Threshold's office in that District.  Id. ¶¶ 15-16. Concomitantly, the key documents and other sources of proof are to be found in that District.  As for non-party witnesses, they largely consist of current or former Threshold employees, all of whom still reside in the Northern District of California so far as is known, and many of whom could not be subpoenaed for trial if the case remains in New York. See transcript, 9/10/07.

The Court has considered the other traditional factors, <u>see</u> <u>supra</u>, and finds that they all cut in favor of transfer or are, at most, neutral as between the two Districts here being considered.

Thus, for the foregoing reasons, the Court grants the defendants' motion to transfer. The Clerk of the Court is directed to forthwith transfer this case to the Northern District of California and to close document number 15 in the Court's docket.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         September 14, 2007

4