1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>THRESHOLD PHARMACEUTICALS, INC., et al., )<br><br>Defendants. ) | No. 4:07-cv-04972-CW<br><br>CLASS ACTION |
| RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>THRESHOLD PHARMACEUTICALS, INC., et al., )<br><br>Defendants. ) | No. 4:07-cv-04971-CW<br><br>CLASS ACTION |

STIPULATED  PROTECTIVE ORDER

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

(a)     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(b)     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(c)     <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), federal law or any applicable state law, including but not limited to confidential non-public information, such as social security numbers, personnel evaluations, medical information and financial information.

(d)     <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1          (e)    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

2  Producing Party.

3          (f)    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

4  Material in this action.

5          (g)    <u>Designating Party</u>: a Party or non-party that designates information or items

6  produced in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –

7  Attorneys' Eyes Only."

8          (h)    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

9  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

10          (i)    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

11  retained to represent or advise a Party in this action.

12          (j)    <u>House Counsel</u>: attorneys who are employees of a Party.

13          (k)    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as

14  their support staffs).

15          (l)    <u>Expert</u>: a person with specialized knowledge or experience in a matter

16  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

17  witness or as a consultant in this action and who is not a current employee of a Party or a current

18  employee of a Competitor of Threshold Pharmaceuticals (as further defined in Exhibit B hereto) and

19  who, at the time of retention, is not anticipated to become an employee of a Party or of a Competitor

20  of Threshold Pharmaceuticals.  This definition includes a professional jury or trial consultant

21  retained in connection with this litigation.

22          (m)    <u>Professional Vendors</u>: persons or entities that provide litigation support

23  services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations;

24  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

25  subcontractors.

26      3.    <u>SCOPE</u>

27        The protections conferred by this Stipulation and Order cover not only Protected Material (as

28  defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

(a)     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

(b)     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5(b)(i), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

1    documents it wants copied and produced, the Producing Party must determine which documents, or

2    portions thereof, qualify for protection under this Order, then, before producing the specified

3    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected

5    Material.

6                              (ii)      for testimony given in deposition or in other pretrial or

7            trial proceedings, that the Party or non-party offering or sponsoring the testimony

8            identify on the record, before the close of the deposition, hearing, or other proceeding,

9            all protected testimony, and further specify any portions of the testimony that qualify

10           as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   When it is

11           impractical to identify separately each portion of testimony that is entitled to

12           protection, and when it appears that substantial portions of the testimony may qualify

13           for protection, the Party or non-party that sponsors, offers, or gives the testimony may

14           invoke on the record (before the deposition or proceeding is concluded) a right to have

15           up to 30 days following receipt of the deposition transcript to identify the specific

16           portions of the testimony as to which protection is sought and to specify the level of

17           protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18           ATTORNEYS' EYES ONLY").   Only those portions of the testimony that are

19           appropriately designated for protection within the 30 days shall be covered by the

20           provisions of this Stipulated Protective Order.

21                       Transcript pages containing Protected Material must be separately

22   bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or

23   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

24   nonparty offering or sponsoring the witness or presenting the testimony.

25                              (iii)     for information produced in some form other than

26           documentary, and for any other tangible items, that the Producing Party affix in a

27           prominent place on the exterior of the container or containers in which the information

28           or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

STIPULATED PROTECTIVE ORDER - 4:07-cv-04972-CW                                        - 4 -

1    ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant

2    protection, the Producing Party, to the extent practicable, shall identify the protected

3    portions, specifying whether they qualify as "Confidential" or as "Highly Confidential

4    – Attorneys' Eyes Only."

5    (c)    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

6    to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

7    Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

8    this Order for such material. If material is appropriately designated as "Confidential or "Highly

9    Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

10   on timely notification of the designation, must make reasonable efforts to assure that the material is

11   treated in accordance with the provisions of this Order.

12   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

13   (a)    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

14   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

16   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

17   after the original designation is disclosed.

18   (b)    Meet and Confer.  A Party that elects to initiate a challenge to a Designating

19   Party's confidentiality designation must do so in good faith and must begin the process by conferring

20   directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

21   for the Designating Party. In conferring, the challenging Party must explain the basis for its belief

22   that the confidentiality designation was not proper and must give the Designating Party an

23   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

24   designation is offered, to explain the basis for the chosen designation. A challenging Party may

25   proceed to the next stage of the challenge process only if it has engaged in this meet and confer

26   process first.

27   (c)    Judicial Intervention.    A Party that elects to press a challenge to a

28   confidentiality designation after considering the justification offered by the Designating Party may

1    file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

2    applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

3    Each such motion must be accompanied by a competent declaration that affirms that the movant has

4    complied with the meet and confer requirements imposed in the preceding paragraph and that sets

5    forth with specificity the justification for the confidentiality designation that was given by the

6    Designating Party in the meet and confer dialogue.

7         The burden of persuasion in any such challenge proceeding shall be on the

8    Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

9    material in question the level of protection to which it is entitled under the Producing Party's

10   designation.

11        7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

12        (a)    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

13   disclosed or produced by another Party or by a non-party in connection with this case only for

14   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

15   disclosed only to the categories of persons and under the conditions described in this Order.  When

16   the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

17   below (FINAL DISPOSITION).

18        Protected Material must be stored and maintained by a Receiving Party at a location

19   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

20        (b)    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

21   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

22   disclose any information or item designated CONFIDENTIAL only to:

23              (i)    The Receiving Party's Outside Counsel of record in this

24        action, including employees of said Outside Counsel to whom it is reasonably

25        necessary to disclose the information for this litigation;

26              (ii)    the officers, directors, and employees (including House

27        Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

28

litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(iii)    Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(iv)    the Court and its personnel;

(v)    court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

(vi)    Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(vii)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be affixed with a "CONFIDENTIAL" legend on each such page and must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(viii)    any author or actual recipient of the document or the original source of the information; and

(ix)    any witness at trial.

(c)    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(i)    The Receiving Party's Outside Counsel of record in this action, including employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

1                       (ii)     House Counsel of a Receiving Party to whom disclosure

2  is reasonably necessary for this litigation and who has signed the "Agreement to Be

3  Bound by Protective Order" (Exhibit A);

4                      (iii)    Experts (as defined in this Order) to whom disclosure is

5  reasonably necessary for this litigation and who have signed the "Agreement to Be

6  Bound by Protective Order" (Exhibit A);

7                      (iv)    the Court and its personnel;

8                      (v)     court reporters and their staffs;

9                      (vi)    Professional Vendors (as defined in this Order) to whom

10  disclosure is reasonably necessary for this litigation and who have signed the

11  "Agreement to Be Bound by Protective Order" (Exhibit A);

12                     (vii)    during their depositions, witnesses in the action to whom

13  disclosure is reasonably necessary; provided that prior to the disclosure to a deposition

14  witness to whom disclosure of such Protected Material is not otherwise permitted

15  under a different subparagraph of this section 7(c), the Receiving Party or its Counsel

16  shall inform the Producing Party or its Counsel of the intention to disclose such

17  Protected Material to such deposition witness and shall provide the Producing Party a

18  reasonable opportunity to object to such disclosure, and provided further that during

19  the pendency of any proceedings relating to an objection made under this subsection

20  7(c)(vii), the objected-to Protected Materials shall not be shown to the deposition

21  witness.  Pages of transcribed deposition testimony or exhibits to depositions that

22  reveal Protected Material must be affixed with a "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" legend on each such page and must be separately

24  bound by the court reporter and may not be disclosed to anyone except as permitted

25  under this Stipulated Protective Order;

26                     (viii)   any author or actual recipient of the document or the

27  original source of the information; and

28                     (ix)    any witness at trial.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     <u>FILING PROTECTED MATERIAL</u>.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     <u>FINAL DISPOSITION</u>.   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     <u>MISCELLANEOUS</u>

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(b)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1   DATED:  June 3, 2009                        COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
2                                               DENNIS J. HERMAN
                                                SHIRLEY H. HUANG
3                                               DANIEL J. PFEFFERBAUM

4

5                                                        /s/
                                                SHIRLEY H. HUANG
6
                                                100 Pine Street, Suite 2600
7                                               San Francisco, CA  94111
                                                Telephone:  415/288-4545
8                                               415/288-4534 (fax)

9                                               Lead Counsel for Plaintiffs

10

11  DATED:  June 3, 2009                        HOGAN & HARTSON LLP
                                                LAURENCE A. WEISS
12

13                                                       /s/
                                                LAURENCE A. WEISS
14

15                                              525 University Avenue, 4th Floor
                                                Palo Alto, California  94301
16                                              Telephone:  650/463-4000
                                                650/463-4199 (fax)
17
                                                Attorneys for Defendants THRESHOLD
18                                              PHARMACEUTICALS, INC.,
                                                and HAROLD "BARRY" E. SELICK
19

20          I, Shirley H. Huang, am the ECF User whose ID and password are being used to file this

21  STIPULATED [PROPOSED] PROTECTIVE ORDER.  In compliance with General Order 45, X.B.,

22  I hereby attest that Laurence A. Weiss has concurred in this filing.

23

24                                                       /s/
                                                SHIRLEY H. HUANG
25

26                       *      *      *

27                             **O R D E R**

28          PURSUANT TO STIPULATION,

1        IT IS SO ORDERED.

2   DATED: __6/10/09_____    _____

3                                              THE HONORABLE CLAUDIA WILKEN
                                               UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Twinde v. Threshold Pharmaceuticals Inc.*, No. C07-04972 CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**EXHIBIT B**

2          Competitor of Threshold Pharmaceuticals:  For purposes of Section 2(l) of this stipulation, a

3    "Competitor of Threshold Pharmaceuticals" is defined as follows:

4    Any entity developing or marketing cancer therapeutics to treat solid tumors or hematologic
     malignancies;
5    Any entity developing or marketing therapies that target tumor hypoxia;
     Any entity developing or marketing therapies for benign prostatic hyperplasia;
6    Abbott Laboratories;
     Amgen Inc.;
7    ARIAD Pharmaceuticals, Inc.;
     Astellas Pharma Inc.;
8    AstraZeneca PLC;
     Bayer Pharmaceuticals;
9    Boehringer Ingelheim;
     Bristol-Myers Squibb Company;
10   Eli Lilly and Company;
     Genentech, Inc.;
11   GlaxoSmithKline plc;
     Hoffmann-LaRoche, Inc.;
12   ImClone Systems, Inc.;
     Johnson & Johnson;
13   Onyx Pharmaceuticals, Inc.;
     Merck KGaA;
14   Millennium Pharmaceuticals, Inc.;
     Novartis AG;
15   OSI Pharmaceuticals, Inc.;
     Pfizer, Inc.;
16   Proacta Incorporated;
     sanofi-aventis Group;
17   Sunesis Pharmaceuticals, Inc.;
     Telik, Inc.;
18   Transcept Pharmaceuticals; and
     ZIOPHARM Oncology, Inc.

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on June 3, 2009, I electronically filed the foregoing with the Clerk of the

3  Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

4  denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

5  foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

6  indicated on the attached Manual Notice List.

7       I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed on June 3, 2009.

9

10                                                          /s/
                                       SHIRLEY H. HUANG
                                       COUGHLIN STOIA GELLER
11                                          RUDMAN & ROBBINS LLP
                                       100 Pine Street, 26th Floor
12                                     San Francisco, CA  94111
                                       Telephone:  415/288-4545
13                                     415/288-4534 (fax)
                                       E-mail:shirleyh@csgrr.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28